**Alexander D. BERRY, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14237.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 29, 1987.

Motion for Rehearing or to Transfer to Supreme Court Denied Feb. 20, 1987.

Application to Transfer Denied April 14, 1987.

Michael Lyons, Elise Branyan, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Kevin B. Behrndt, Asst. Atty. Gen., Jefferson City, for respondent.

WILLIAM H. PINNELL, Special Judge.

Movant, Alexander D. Berry, appeals from the motion court's denial, after evidentiary hearing, of his motion to vacate a 12–year sentence imposed after his guilty plea to a charge of first degree robbery. The guilty plea came after a plea bargain agreement. One of the conditions of the agreement was that Berry's lawyer would obtain certain medical reports and records, which supposedly would state that Berry was suffering from post traumatic stress disorder caused by his experiences while in the army in Vietnam, from Drs. John Wilson and David Moskowitz. The reports, together with a letter from the trial judge concerning them were to be forwarded to

the Department of Corrections and Probation so that they could be studied by prison authorities for such matters as classification and treatment of Berry. In addition, Berry thought the reports and letter would be helpful in his effort to secure an early release.

Berry's trial attorney made diligent attempts to secure the records and reports, but the reports were not forwarded to him by the doctors in question. Since no reports were given to the judge, he had no basis for writing the letter in question, and did not do so.

Berry then filed a motion to vacate his sentence and set aside his guilty plea on the grounds that the violation of the plea bargain agreement rendered the plea involuntary, and that failure to advise him of the elements of the robbery charge before the plea was entered deprived him of due process.

An evidentiary hearing was held. There was no evidence introduced on the failure to inform as to the elements of the robbery charge. After hearing the evidence on the failure to file the reports, records, and letter issue, the motion court made findings of fact and conclusions of law, and entered an order denying the relief requested.

On appeal, Berry raises the same two issues that he presented in his motion to vacate. Our review is limited to a determination of whether, on the basis of the record, the findings of fact, conclusions of law, and order denying relief that were made in the motion court are clearly erroneous. Rule 27.26(j).[1]

■ In his first point relied on, Berry asserts that since the trial judge failed to write the letter referring to the medical reports and records, that his guilty plea was involuntary.

We do not see how the trial judge could be guilty of violating the plea bargain agreement. The record conclusively demonstrates that the judge was willing and anxious to forward the material to the De-

partment of Corrections, but did not do so because he never received it. While the doctors in question, by their failure to act, torpedoed that portion of the plea bargain in question, the trial court was blameless. It was Berry and his lawyer's duty to obtain the reports, which duty was a condition precedent to any action by the trial court.

In its conclusions, the motion court found that Berry suffered no prejudice by reason of any act or omission of the trial court concerning the reports and letter. That finding and conclusion was not clearly erroneous.

■ In his second point, Berry contends that the trial court's failure to inform him of the nature of the robbery charge was prejudicial error. The record conclusively shows that the trial judge offered to read the robbery charge to Berry, but that Berry declined, stating, "I know it." The record also indicates that Berry's attorney had explained the charge to him.

Berry was no stranger to the courts, having at least three prior convictions, including one for robbery, which probably accounts for the fact Berry has not been scheduled for an early release from prison. We also note that the record contains copies of reports of two psychiatrists who stated, after examining Berry, that they were of the opinion that Berry had no mental disease or defect within the meaning of § 552.010, RSMo 1978, that Berry had the mental capacity to understand the charge against him and to assist in the preparation of a defense, and that, at the time of the robbery, Berry knew and appreciated the nature, quality, and wrongfulness of his conduct, and was capable of conforming his conduct to the requirements of law, but would not do so because of an anti-social personality.

Our review convinces us that Berry's plea was voluntarily and intelligently made, with full knowledge of the consequences, and that the failure to deliver the alleged

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1978, V.A.M.S.

reports from Drs. Wilson and Moskowitz to the prison authorities was not due to any act or omission of the trial judge or the prosecuting attorney. The denial of Berry's motion to vacate his guilty plea and sentence was not clearly erroneous.

Order affirmed.

GREENE, P.J., and PARRISH, Special Judge, concur.